IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LASAHA HILL                                                                                          PLAINTIFF

      v.                              Civil No. 14-5311

PETER GIARDINE or GIARDINO,
Attorney at Law                                                                                   DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Lasaha Hill,, an inmate of the Washington County Detention Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Hill names as a Defendant Peter Giardine, an attorney he retained to represent him in a state criminal matter. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act. 28 U.S.C. § 1915A.

### I. Background

Hill claims his lawyer, Giardine, had a conflict of interest and should not have accepted Hill as a client. Further, Hill maintains Giardine was not providing him with adequate representation. As a result, Hill states he fired Giardine.

As relief, Hill asks that his state criminal charges be dropped. He also asks for a return of the money paid to Giardine and compensatory damages.

### II. Discussion

Hill's claims are subject to dismissal. "[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2)

whether this conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

Private attorneys do not act under color of law and are not subject to suit under § 1983. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). Giardine was not acting under color of state law while representing Hill in his criminal proceeding. *See e.g., Polk County v. Dodson*, 454 U.S. 312, 318 (1981) (public defender does not act under color of state law when performing traditional functions as counsel); *DuBose*, 187 F.3d at 1002-1003 ("[C]onduct of counsel generally does not constitute action under color of law."); *Dunn v. Hackworth*, 628 F.2d 1111, 1112 (8th Cir. 1980)("The actions of privately retained counsel are not considered state action and therefore cannot form the basis of a § 1983 claim.").

### III. Conclusion

I recommend that this action be dismissed for failure to state a claim and because it is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i)- (iii) (in forma pauperis action may be dismissed on such grounds at any time).

**Hill has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Hill is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of March, 2015.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)